Ackerman's Case.

In the matter of the estate of DAVID I. ACKERMAN, deceased.

Two of three executors were indebted to their testator on bond and mort-gage, which the third executor held. The two executors paid claims against the estate, which were allowed to them and deducted from their respective mortgages in the account filed by all of the executors in 1876. The mortgages appear to have been surrendered in 1882. On final account in 1884—*Held*, that the two executors were chargeable with interest on the balances due on their respective mortgages from 1876 to 1882, they not having established the fact that their disbursements out of their own funds on behalf of the estate, immediately after the passing of the account in 1876, equaled the amount due on their mortgages, and their co-executor testifying that the mortgages were not paid when they were turned over to them in 1882.

Appeal from decree of Bergen orphans court.

*Mr. M. C. Gillham*, for appellants.

*Mr. P. W. Stagg*, for respondents.

THE ORDINARY.

Halmagh G. Howard and John Gillham, two of the three ex-ecutors of David I. Ackerman, deceased (Richard Terhune is the other), were debtors to the estate by their respective bonds and mortgages held by the testator. Howard's mortgage was for $1,500 and interest, and Gillham's for $400 and interest. Those instruments were held by Mr. Terhune. Before 1870 Mr. Howard paid for the estate $1,007 and Mr. Gillham $200, which payments were understood between them to be on account of the principal of their respective mortgages. The three ex-ecutors settled their joint account in 1876. There was a balance against them of $874.73, of which the residue ($493) of princi-pal due on Howard's mortgage, and that due ($200) on Gillham's, constituted part. In 1884 the three executors presented their final account. It contained no credit of interest on the two mort-gages after 1876. The court, on exceptions, charged the execu-tors in the account with the interest for six years, from Septem-ber 18th, 1876, when the intermediate account was passed, on the balances, which, at the latter date, were due on the mortgages.

The three executors appealed on the ground that those charges of interest ought not to have been made, since Howard and Gillham had (there being at the time no other moneys of the estate except what was due on the mortgages), after the passage of the account of 1876, paid out for the estate in necessary payments moneys of their own to the amount of those balances, upon an understanding between them that those payments were to be accepted in satisfaction of the mortgages. The mortgages were, as before stated, held by Terhune. Howard's mortgage was not canceled of record until 1883. It does not appear that the other has been canceled. Howard's mortgage was turned over to him by Terhune in 1882. Gillham's was turned over to him also, but it does not appear at what time. Mr. Terhune testifies that he turned over the Howard mortgage to the other executors " two years ago," and that the other was paid off, as he was informed, " within the last two years," he thinks. He gave his testimony in July, 1884. He says that neither mortgage was paid when he turned it over. Mr. Howard, indeed, testifies that he paid off the $493 out of his own pocket for taxes and whatever bills came in, but his testimony on this head is indefinite, and the account does not sustain his statement. Neither does Mr. Terhune's testimony. The evidence on the subject is not such as to warrant an adjudication that Messrs. Howard and Gillham, immediately after the settlement of the intermediate accounts, respectively advanced of their own moneys for the estate amounts equal to the money due for principal on their respective mortgages, or that either of them thus paid off the principal due on his mortgage. The orphans court charged the executors with six years' interest, that is, from September 18th, 1876, to September 16th, 1882, which latter date (nearly two years before the filing of the final account) was taken as the time when Terhune handed over the mortgages to Howard and Gillham to be canceled. It does not appear that the decree under review is erroneous in the particulars complained of (the charges of interest on the two mortgages), or either of them. It will be affirmed, with costs, to be paid by the appellants out of their own funds.